DAUKSCH, Chief Judge,
dissenting:
I respectfully dissent. In my opinion the trial court committed error by refusing to give the circumstantial evidence instruction and the appellant is entitled to a new trial on that account.
The eyewitness testimony was so weak as to be nearly untrustworthy, as can be seen from the majority opinion. This is not to say that weak evidence was not legally sufficient to convict but that it may have been factually insufficient if the jury had been given the circumstantial evidence instruction and understood its meaning. Parenthetically I would note that had I been a juror, knowing the circumstantial evidence instruction, I would have also voted to convict. But that is not really the question. The question is when should the trial judge be required to give the instruction. I think it should be required to be given when the *1017 evidence consists wholly or substantially of circumstantial evidence. Here it is the circumstantial evidence that is by far the most convincing. If that girlfriend had not testified the jury might well have considered the eyewitness testimony inconclusive to prove guilt beyond a reasonable doubt but when she talked about the wig. and the drugs the case was fairly concluded.
It is my hope our supreme court will reconsider the Anderson decision and give a more broad interpretation to the rule of when a circumstantial evidence instruction is required. It seems to me the Boyd test is too strict and takes a benefit from accused persons to which they should be entitled. In any event, the confusing instruction should be rewritten with greater clarity in order to make it meaningful to lay jurors.